NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS WATSON, on behalf of himself and all others similarly situated, Plaintiff(s), v. CERTIFIED CREDIT & COLLECTION BUREAU and JOHN DOES 1-25, Defendant(s). | Civil No. 09-1433 (AET) **MEMORANDUM AND ORDER** |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon the Motion for Judgment on the Pleadings [7] by Defendant Certified Credit & Collection Bureau ("CCC"), filed pursuant to Fed. R. Civ. P. 12(c). The Court has decided the motion based upon the submission of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the instant motion is granted.

BACKGROUND

On or about July 2, 2008, CCC sent a letter ("July 2, 2008 Letter") to Plaintiff informing him that CCC had been retained to collect a $700 debt incurred by Plaintiff to a third party. Plaintiff contends that certain language within the July 2, 2008 Letter violates the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), by overshadowing the notice requirements of 15 U.S.C. § 1692g. Specifically, Plaintiff objects to the following language, "[i]f you believe that these services should have been covered by your insurance company please call your

insurance carrier immediately." Plaintiff's Complaint also refers to a second letter containing this language but Plaintiff's papers in opposition to the instant motion make no mention of a second letter.

Plaintiff filed a Complaint [1] in this Court on March 27, 2009. On April 14, 2009, CCC filed an Answer [4]. In its Answer, as an affirmative defense, CCC contends that the July 2, 2008 Letter did not overshadow Plaintiff's rights under the FDCPA. On June 26, 2009, CCC filed a Motion for Judgment on the Pleadings [7]. For the reasons stated below, the instant motion is granted.

## DISCUSSION

A.   Standard for Rule 12(c) Motion

When weighing a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), the court will utilize the same standard when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986). In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the Complaint must be accepted as true and viewed in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A court may dismiss a complaint if it appears that a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). It is a determination of whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Colburn v. Upper Darby Twp., 838 F.2d 663, 665 (3d Cir. 1988).

B.   The Fair Debt Collection Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices which

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citations and quotations omitted).

Under the FDCPA, a debt collector is required to include the following information in a debt collection letter to a consumer: (1) the amount of the debt; (2) the name of the creditor and to whom the debt is owed; (3) the statement that unless the consumer, within thirty-days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment be mailed to the consumer by the debt collector; and (5) the statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a); Wilson, 225 F.3d at 353.

As the Court in Wilson made clear, paragraphs 3 and 5 of Section 1692(g) contain the validation notice-the statements that inform the consumer as to how to obtain verification of the debt and the time in which to do so.  The Act also mandates that the debt collector cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer.  Wilson, 225 F.3d at 353-54.

Section 1692 makes clear that the required notice must also be conveyed effectively to the debtor.  Id. at 354.  The validation notice is to be interpreted from the perspective of the "least

sophisticated debtor." Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). The "least sophisticated debtor" standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. Wilson, 225 F.3d at 353 (citations and quotations omitted). The Third Circuit has explained that, when applying the "least sophisticated debtor" standard, the language providing notice of the debt must be in print sufficiently large to be read and must be sufficiently prominent to be noticed. Id. In that regard, size, placement and font of the debt notice are critical factors to consider. Furthermore, if a Plaintiff challenges a notice letter, he must demonstrate the notice was overshadowed or obscured by the balance of the letter, or contradicted by the rest of the letter. Graziano, 950 F.2d at 111.

    C.    The July 2, 2008 Letter

Here, Plaintiff alleges that CCC violated the FDCPA by overshadowing the notice requirements of Section 1692. The Court disagrees. Specifically, Plaintiff alleges that language directing Plaintiff to contact his insurance company if Plaintiff believed the debt was assessed in error, violates Section 1692. An examination of the letter reveals no violation. The notice requirement contained within letter is of the same size, font and color as other language found within the body of the letter. The notice requirement appeared on the same page as the rest of the text of the July 2, 2008 Letter. In fact, the July 2, 2008 Letter was no longer than a single page, the notice requirement appeared within the first two paragraphs of the letter and was not buried, incomprehensibly, within the body of the letter. The Court concludes this comports with the Third Circuit's holding in Graziano. Consequently, the Court is not persuaded that the language overshadowed the balance of the letter.

Similarly, merely advising the debtor of remedying potential errors of debt assessment

and notice does not, in and of itself, violate provisions of the FDCPA. The language at issue, "if you believe that these services should have been covered by your insurance company please call your insurance carrier immediately," is sufficient to provide notice of the debt, and insufficient upon which to build an actionable violation of the FDCPA. The language does not appear overly antagonistic or intimidating so as to run afoul of the consumer protection provisions of the FDCPA. For these reasons, the instant motion will be granted and the Complaint dismissed.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 22nd day of September, 2009,

ORDERED that the Motion for Judgment on the Pleadings [7] by Defendant Certified Credit & Collection Bureau is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED; and it is further

ORDERED that the case is CLOSED.

        _Anne E. Thompson_
        ANNE E. THOMPSON, U.S.D.J.